UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-164-MOC-DSC

| | |
|---|---|
| **PATRICIA ANN ABEE-REEVES,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )    ORDER<br>) |
| **EDDIE CATHEY, BRIAN WICKER and SHILO GARNER, in their official and individual capacities,** | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. (Doc. No. 7). Defendants argue that all of Plaintiff's claims of excessive force should be dismissed because Defendant Wicker did not actually use force against Plaintiff and was not added to this lawsuit until after the statute of limitations ran. (Id.). Defendants argue that all of Plaintiff's claims are derivative of this excessive force claim and, therefore, all of her claims should be dismissed. (Id.).

The Court agrees that Plaintiff is barred by the statute of limitations from adding Defendant Wicker to this lawsuit. Therefore, with respect to Plaintiff's claims against Defendant Wicker, Defendants' Motion is **GRANTED** and those claims are **DISMISSED**. However, keeping in mind the low pleading standard required by Rule 12(b)(6), the Court finds that Plaintiff has adequately stated a claim of conspiracy liability against Defendant Garner and failure to supervise against Defendant Cathey. Therefore, with respect to Plaintiff's claims other than those against Defendant Wicker, Defendants' motion is **DENIED**.

1

## I. BACKGROUND

This lawsuit arises out of events at Plaintiff's home in Monroe, North Carolina on April 23, 2019. (Doc. No. 13 at 2; see also Doc. No. 7-1 at 2). On that day, Defendants Wicker and Garner, who are Union County Sheriff's Deputies, responded to a report that Plaintiff was experiencing suicidal ideation. (Id. at 2–3).

According to Plaintiff's account of the facts, the following events then occurred: When Plaintiff answered the door, the deputies noticed that Plaintiff had a small caliber rifle, screamed "gun," drew their weapons, and retreated from Plaintiff's porch. (Id. at 3). A two-hour standoff involving numerous deputies ensued. (Id.). When Plaintiff's husband returned home, he was not permitted by deputies to go inside to speak to Plaintiff but was able to reach her by phone and persuade her to come outside. (Id.). Plaintiff then stepped out onto her porch with her cell phone in hand and her hands above her head. (Id.). Deputies told her to drop her phone, and she did. They then ordered her to kneel, which she began to do, but while kneeling Defendant Wicker shot her in the stomach with a less-lethal round from an unreasonably close distance. (Id.). Defendants do not dispute that Defendant Wicker shot Plaintiff with a less-lethal round. (Doc. No. 7-1 at 2).

Plaintiff alleges that Defendants Wicker and Garner (Wicker's supervisor) had planned for Wicker to shoot Plaintiff. (Doc. No. 13 at 3). Plaintiff alleges that Wicker and Garner discussed their options during the standoff and formulated a plan to shoot Plaintiff with a less-lethal round and subdue her, regardless of what condition Plaintiff was in or whether less-forceful alternatives might suffice to resolve the situation. (Id. at 3–4). Plaintiff further alleges that Defendants decided to shoot her from a close range to ensure they did not miss. (Id. at 4). Plaintiff alleges that she experienced serious injury and that these injuries resulted from Defendants' unlawful conduct.

Furthermore, Plaintiff alleges that Defendant Cathey, as Union County Sheriff, failed to

2

adequately train and supervise his deputies. (Id.). In particular, she alleges that the deputies who responded to her home on April 23, 2019, were not properly trained to interact with mentally ill persons and that, as a result, their behavior worsened the situation instead of mitigating it. (Id.). Furthermore, she alleges that Sheriff Cathey has failed to implement proper protocol for the use of less-lethal weapons, including the one that injured her. (Id.). While Defendants deny Plaintiff's allegations, they accept that the Court must accept the facts in the Complaint as true for purposes of this motion, and Defendants seek dismissal of this lawsuit based on technical defects. (Doc. No. 7-1 at n.4).

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

3

## III.     DISCUSSION

The Court agrees with Defendants that Plaintiff's claims against Defendant Wicker are barred by the statute of limitations. The Court finds that Plaintiff's argument that the allegations against Wicker relate back is unavailing. Therefore, Plaintiff's claims against Defendant Wicker will be dismissed. However, the Court finds that Plaintiff has adequately stated claims against Defendants Garner and Cathey.

### a.     Plaintiff's Claims Against Defendant Wicker are Barred by the Statute of Limitations

Plaintiff's claims against Defendant Wicker are brought under Section 1983. As Defendants point out, Section 1983 does not have its own statute of limitations but "borrows" its statute of limitations from the forum state's "most analogous" statute of limitations, which is generally the statute of limitations applicable to personal injury cases. See Owens v. Okure, 488 U.S. 235 (1989). In North Carolina, the relevant statute of limitations for Section 1983 claims is three years. Love v. Alamance Cnty. Bd. of Educ., 757 F.2d 1504, 1506 (4th Cir. 1985). There does not appear to be any dispute that the statute of limitations began running on April 23, 2019, the day of the incident, and ran until April 23, 2022. While Plaintiff filed her original complaint on April 15, 2022, that complaint failed to name Wicker as a Defendant. (Doc. No. 1). Plaintiff only named Wicker as a Defendant in the Amended Complaint, filed April 29, 2022, after the statute of limitations had run. (Doc. No. 5). Defendants now ask the Court to dismiss Plaintiff's claims against Wicker as barred by the statute of limitations. Plaintiff contends that the claims against Wicker relate back to the filing of the original complaint, but Defendants dispute this. The Court agrees with Defendants.

Whether an action relates back is governed by Rule 15(c)(1) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 15(c)(1); see also Goodman v. Praxair, Inc., 494 F.3d 458, 467–68 (4th Cir. 2007). The rule provides as follows:

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>   i. received such notice of the action that it will not be prejudiced in defending on the merits; and
>   ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1). Paragraph B concerns adding of claims and defenses rather than adding or changing parties. Therefore, to add Defendant Wicker to this action, Plaintiff would need to avail herself of Paragraph A or C. For the following reasons, she cannot do so.

<u>Paragraph A</u>. Plaintiff cannot avail herself of relation back under Paragraph A of the rule because North Carolina state law provides the applicable statute of limitations, and it does not permit relation back under these circumstances. As Defendants argue and Plaintiff does not appear to dispute, the relevant law providing the applicable statute of limitations appears to be North Carolina Rule of Civil Procedure 15(c). This rule "is not based on the federal counterpart" but is instead "drawn from the New York Civil Practice Law and Rules." <u>Crossman v. Moore</u>, 459 S.E.2d 715, 717 (N.C. 1995). Under the North Carolina rule, "[t]he notice requirement of Rule 15(c) cannot be met where an amendment has the effect of adding a new party to the action, as opposed to correcting a misnomer." <u>Bob Killian Tire, Inc. v. Day Enters., Inc.</u>, 506 S.E.2d 752, 753 (N.C. Ct. App. 1998) (citing <u>Crossman</u>, 459 S.E.2d 715); <u>see also</u> <u>Liss v. Seamark Foods</u>, 555 S.E.2d 365, 367 (N.C. Ct. App. 2001). Therefore, relation back cannot be used to add new parties except where a misnomer occurs. It does not appear that any misnomer occurred here;[1] rather, Plaintiff

---

[1] Defendants provide a good example of a misnomer. The Union County Sherriff's Office employs two people named "B. Wicker" and if Plaintiff had sued the wrong B. Wicker, then the North

5

Case 3:22-cv-00164-MOC-DSC   Document 16   Filed 09/06/22   Page 5 of 8

simply failed to name Defendant Wicker in her original complaint. Under the North Carolina rule, Plaintiff cannot add Defendant Wicker to this action. Because the federal rule requires the relevant law—in this case the North Carolina rule—to be satisfied in order to permit relation back, and because Plaintiff cannot satisfy the North Carolina rule, Plaintiff cannot add Defendant Wicker to this action.

Paragraph C. Paragraph C requires that "the party to be brought in by amendment" both "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C). Defendants argue that "[t]he Amended Complaints contains no factual allegations from which the Court could reasonably infer that Sgt. Wicker received notice of the lawsuit prior to the expiration of the limitations period." (Doc. No. 7-1 at 9). The Court agrees. There is no indication that Defendant Wicker was timely notified of this action or that he should have known that an action would be brought against him. Federal law is more lenient than North Carolina law and permits relation back in circumstances other than mere misnomers. Praxair, 494 F.3d at 469–71. However, it still imposes a hard and fast notice requirement which Plaintiff did not satisfy in this case.

**b.    Plaintiff has Adequately Stated Claims Against Defendants Garner and Wicker**

Plaintiff alleges that Defendant Garner conspired to use excessive force and commit the tort of battery against her, and that Defendant Cathey is liable to her under a theory of Section 1983 supervisory liability. Defendants argue that Garner cannot be liable because he did not actually use excessive force or commit battery against Plaintiff, and that Cathey cannot be liable for supervisory liability because Plaintiff does not plead an adequate excessive force claim upon

---

Carolina rules would allow relation back to correct this misnomer. (Doc. No. 7-1 at 11 n.6).

which a supervisory liability claim can be predicated. The Court agrees with Plaintiff for the following reasons.

<u>Defendant Garner</u>. While Garner did not actually fire the round that injured Plaintiff, Plaintiff has adequately alleged that Garner conspired with Wicker to fire the round. Defendants cite ample authority for the proposition that Section 1983 liability must arise from the official's own individual actions. (<u>See, e.g.</u>, Doc. No. 7-1 at 6, citing <u>Iqbal</u>, 556 U.S. at 676 "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution"). But Defendants do not explain why <u>formulating a plan</u> to fire a round at close range and <u>instructing</u> a junior officer to do so would not constitute "actions" which are actionable under Section 1983. Defendants appear to be arguing, in essence, that conspiracy liability does not exist under Section 1983. But ample cases recognize that a plaintiff can state a claim for conspiracy liability under Section 1983. <u>See, e.g.</u>, <u>Massey v. Ojanit</u>, 759 F.3d 343, 357–58 (4th Cir. 2014); <u>Wiggins v. 11 Kew Garden Court</u>, 497 F. App'x 262, 264 (4th Cir. 2012); <u>Hinkle v. City of Clarksburg</u>, 81 F.3d 416, 421 (4th Cir. 1996); <u>Marshall v. Marshall</u>, 523 F. Supp. 3d 802, 829 (E.D. Va. 2021); <u>Nance v. City of Albemarle</u>, 520 F. Supp. 3d 758, 801 (M.D.N.C. 2021). The Court finds that Plaintiff has stated such a claim here. Therefore, Plaintiff's claims against Defendant Garner will not be dismissed.

<u>Defendant Cathey</u>. Plaintiff alleges supervisory liability against Defendant Cathey. In order to allege supervisory liability, a plaintiff must allege "a predicate constitutional violation." <u>Evans v. Chambers</u>, 703 F.3d 636, 654 (4th Cir. 2012). Defendants argue that all claims against Defendants Garner and Wicker must be dismissed and, therefore, that no predicate constitutional violation exists, meaning that Plaintiff's claim of supervisory liability would fail. But, as already explained, the Court finds that Plaintiff has stated a claim against Defendant Garner. Furthermore,

7

Case 3:22-cv-00164-MOC-DSC   Document 16   Filed 09/06/22   Page 7 of 8

the Court finds that Plaintiff's claims against Garner constitute the necessary predicate constitutional violation for Plaintiff's claims against Defendant Cathey. Therefore, Defendants' argument fails and Plaintiff's claims against Defendant Cathey will not be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Wicker will be dismissed but all of Plaintiff's other claims will survive Defendants' Motion to Dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Dismiss, (Doc. No. 7), is **GRANTED** as to claims against Defendant Wicker and those claims are **DISMISSED**; but the Motion is **DENIED** as to all claims other than those against Defendant Wicker.

Signed: September 6, 2022

Max O. Cogburn Jr.
United States District Judge